UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUIDO GINOCHIO, | No. 2:24-cv-1731 CSK P |
| Plaintiff, | ORDER |
| v. | |
| ANDRE, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this Court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis is granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the

amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

As discussed below, plaintiff's complaint is dismissed with leave to amend.

I. SCREENING STANDARDS

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v.

2

Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted).  In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff.  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

II.     PLAINTIFF'S COMPLAINT

Plaintiff claims the following civil rights were violated: "freedom of religion and right to medical care." (ECF No. 1 at 3.)  Plaintiff alleges that while trying to access Odinist services at Facility D yard, he was pushed in his wheelchair as far as possible, but due to the mud/dirt surface, plaintiff was forced to attempt to use his walker to gain access to the religious services.  Because of the mud, plaintiff tripped and fell on his face and shoulder.  Plaintiff felt severe pain in his back and shoulder.  Plaintiff was escorted to medical for treatment, but still has pain from this fall.  Plaintiff alleges that this Odinist group is located inside a small, fenced in enclosure adjacent to the walkway, with the ground inside and surrounding it consisting of mud and dirt, with no suitable surface available, inside or outside, for wheelchair access.  Plaintiff asserts this is the only religious program at High Desert State Prison ("HDSP") that is not wheelchair accessible, and he has not been able to participate in those religious services due to the physical hazards presented by lack of wheelchair access and his fear he would be hurt again.  (Id. at 4.)  As relief, plaintiff seeks to have a hard surface pathway/walkway installed to make the Odinist program wheelchair accessible.[1] (Id. at 5.)  Plaintiff also seeks money damages.  (Id.)

Plaintiff provides a copy of his HDSP grievance #387244, in which he included the above factual allegations, but also claimed discrimination in violation of the Americans with Disabilities Act ("ADA") and the Rehabilitation Act ("RA").  (ECF No. 1 at 8.)  Plaintiff requested that a hard surface pathway be installed for wheelchair access and sought money damages for

---

[1] On May 9, 2023, plaintiff's grievance requesting that "a hard service pathway be installed to and inside the Odinist religious grounds on lower D-yard that is wheelchair suitable" was granted, and "[p]lant operations will process [plaintiff's] request upon approval." (ECF No. 1 at 9.)  It is unclear whether the hard service pathway was subsequently approved by plant operations or constructed; plaintiff's appeal of this grievance was deemed exhausted due to the expiration of time while plaintiff's appeal was pending.  (Id. at 12-13.)

"discrimination, pain and suffering, and the injuries he sustained." (Id.) The grievance was categorized as "offender activities," with a sub-category of "religious issue." (Id. at 9.) In his appeal from the first level response, plaintiff also referred to the Religious Land Use and Institutionalized Person Act ("RLUIPA"). (Id. at 15.)

III.     DISCUSSION

    A.    ADA/ Rehabilitation Act Claims

While not included in his complaint, plaintiff's appended grievance references both the ADA and the RA.

Under Title II of the ADA, 42 U.S.C.§ 12101 et seq., "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. Title II of the ADA applies to inmates within state prisons. Pennsylvania Dept. of Corrections v. Yeskey, 524 U.S. 206, 208 (1998). To state a claim under the ADA or the RA, a plaintiff must allege (1) he is an individual with a disability; (2) he is "otherwise qualified" to participate in or receive the benefit of the entity's services, programs, or activities, i.e., he meets the essential eligibility requirements of the entity, with or without reasonable accommodation; (3) he was either excluded from participation in or denied the benefits of the entity's services, programs, or activities, or was otherwise discriminated against by the public entity solely by reason of his disability; and (4) the entity is a public entity (for the ADA claim) or receives federal financial assistance (for the RA claim). Zukle v. Regents of Univ. of Cal., 166 F.3d 1041, 1045 (9th Cir. 1999). Also, "[t]o recover monetary damages under Title II of the ADA . . . a plaintiff must prove intentional discrimination on the part of the defendant." Duvall v. County of Kitsap, 260 F.3d 1124, 1138 (9th Cir. 2001).

Here, plaintiff may be able to state a cognizable discrimination claim under both the ADA and the RA if plaintiff can allege facts meeting the required elements under both the ADA and the RA. See Zukle, 166 F.3d at 1045. Plaintiff must also name the proper defendant. Only state entities can be held liable under Title II of the ADA and the RA. See Zukle, 166 F.3d at 1045; Everett H. v. Dry Creek Joint Elem. Sch. Dist., 5 F. Supp. 3d 1167, 1181 (E.D. Cal. 2014).

Therefore, plaintiff cannot bring an ADA or RA claim against the warden, or the John Doe defendants named in the complaint, but must name the appropriate state entity.  In addition, while plaintiff claims he uses a wheelchair and a walker, he did not identify his particular physical impairment that demonstrates he is a qualified individual with a disability.  Plaintiff must identify his disability for both ADA and RA claims.  Finally, plaintiff must seek appropriate relief; if he attempts to seek money damages, he must include facts showing intentional discrimination by the named defendant.  Duvall, 260 F.3d at 1138.  Because of these pleading defects, plaintiff's complaint  is dismissed with leave to amend.

### B.  Putative RLUIPA Claim

Plaintiff does not specifically identify a RLUIPA claim, 42 U.S.C. § 2000cc et seq., but his factual allegations and reference to freedom of religion suggests he may be attempting to raise a RLUIPA claim.

RLUIPA prohibits prison officials from substantially burdening a prisoner's "religious exercise unless the burden furthers a compelling governmental interest and does so by the least restrictive means."  Alvarez v. Hill, 518 F.3d 1152, 1156 (9th Cir. 2009) (internal quotation marks and citation omitted); 42 U.S.C. § 2000cc-1(a).  RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." 42 U.S.C. § 2000cc-5(7).  Exercise of religion protected under RLUIPA includes the performance of physical acts such as assembling with others for a worship service.  Cutter v. Wilkinson, 544 U.S. 709, 720 (2005).  A court reviewing a claim under the RLUIPA "begin[s] by identifying the 'religious exercise' allegedly impinged upon."  Greene v. Solano Cty. Jail, 513 F.3d 982, 987 (9th Cir. 2008).  The "initial RLUIPA step requires a narrow inquiry focused on (1) the specific religious practice at issue and (2) the specific practitioner."  Johnson v. Baker, 23 F.4th 1209, 1215 (9th Cir. 2022).

Monetary damages are not available under RLUIPA against state officials sued in their individual capacities.  See Jones v. Williams, 719 F.3d 1023, 1031 (9th Cir. 2015) ("RLUIPA does not authorize suits for damages against state officials in their individual capacities because individual state officials are not recipients of federal funding and nothing in the statute suggests

any congressional intent to hold them individually liable."). Rather, RLUIPA only authorizes suits against a person in his or her official or governmental capacity. See Wood v. Yordy, 753 F.3d 899, 904 (9th Cir. 2014). The proper defendant for a RLUIPA claim is the official who could appropriately respond to a court order on injunctive relief should one be issued. See Jones, 791 F.3d at 1031.

Considering these pleading deficiencies, plaintiff is granted leave to amend to include factual allegations under RLUIPA, to name the proper defendant in his or her official capacity, and only seek injunctive relief as to the RLUIPA claim. No money damages are available.

### C. Medical Claim Under 42 U.S.C. § 1983

Plaintiff does not include sufficient facts to determine whether plaintiff can state a cognizable Eighth Amendment medical claim under § 1983.

To state a claim under § 1983, a plaintiff must demonstrate: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. See Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989); Johnson v. Duffy, 588 F.2d 740, 743-44 (9th Cir. 1978). That is, plaintiff may not sue any official on the theory that the official is liable for the unconstitutional conduct of his or her subordinates. Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). The requisite causal connection between a supervisor's wrongful conduct and the violation of the prisoner's constitutional rights can be established in a number of ways, including by demonstrating that a supervisor's own culpable action or inaction in the training, supervision, or control of his subordinates was a cause of plaintiff's injury. Starr v. Baca, 652 F.3d 1202, 1208 (9th Cir. 2011).

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and incorporates "broad and idealistic concepts of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102 (1976) (internal quotation marks and citation

6

1    omitted).  A prison official violates the Eighth Amendment when he acts with "deliberate

2    indifference" to the serious medical needs of a prisoner.  Farmer v. Brennan, 511 U.S. 825, 828

3    (1970).  "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective

4    standard—that the deprivation was serious enough to constitute cruel and unusual punishment—

5    and a subjective standard—deliberate indifference."  Snow v. McDaniel, 681 F.3d 978, 985 (9th

6    Cir. 2012), overruled on other grounds by Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir.

7    2014).

8            To establish the first prong, "the plaintiff must show a serious medical need by

9    demonstrating that failure to treat a prisoner's condition could result in further significant injury

10   or the unnecessary and wanton infliction of pain."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

11   2006).  To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or

12   failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the

13   indifference."  Id.  Indifference "may appear when prison officials deny, delay or intentionally

14   interfere with medical treatment, or it may be shown by the way in which prison physicians

15   provide medical care."  Id.  However, the indifference to the inmate's medical needs must be

16   substantial -- negligence, inadvertence, or differences in medical judgment or opinion do not rise

17   to the level of a constitutional violation.  Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004)

18   (negligence constituting medical malpractice is not sufficient to establish an Eighth Amendment

19   violation).

20           As currently pled, plaintiff's allegations do not demonstrate any defendant was

21   deliberately indifferent to plaintiff's serious medical needs.  Rather, plaintiff acknowledges he

22   was taken for medical treatment after he fell.  Although plaintiff states he still suffers pain from

23   the injuries he sustained from the initial fall, he fails to include any facts demonstrating any

24   particular individual was deliberately indifferent to plaintiff's serious medical needs.  In an

25   abundance of caution, plaintiff is granted leave to amend should he be able to allege facts meeting

26   both the objective and subjective elements, as well as name the individual who was allegedly

27   deliberately indifferent to plaintiff's serious medical needs.

28   ///

D. Doe Defendants

In the caption of his complaint, plaintiff names "John Doe #1 medical" and John Doe #2 C/Os." (ECF No. 1 at 1.)

First, plaintiff does not include any factual allegations as to either John Doe. Plaintiff does not set forth the alleged act or omission as to each doe defendant who plaintiff contends violated his constitutional rights. This is insufficient to put prospective defendants on notice of their alleged actions or omissions that plaintiff claims violate his federal rights. In order to link these doe defendants to the alleged acts or omissions that demonstrate a violation of plaintiff's federal rights, plaintiff is granted leave to amend, to either name the defendants involved, or list the doe defendants involved. If plaintiff can only list these defendants as John Doe, plaintiff must identify the John Doe as best as possible, and allege specific acts that these doe defendants did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." Plaintiff is reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Simply labeling the John Doe "medical" or "C/O" is insufficient.

Second, plaintiff's use of doe defendants is problematic, see Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980), and ultimately unnecessary. Rule 15 of the Federal Rules of Civil Procedure, not state law "Doe" pleading practices, governs whether new defendants may be added and if so, whether the claims against them would relate back to the filing of the initial complaint. Should plaintiff learn the identities of the "Doe" parties he wishes to serve, he must promptly move pursuant to Rule 15 to file an amended complaint to add them as defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1197-98 (9th Cir. 2003). If the timing of his amended complaint raises questions as to the statute of limitations, plaintiff must satisfy the requirements of Rule 15(c), which is the controlling procedure for adding defendants whose identities were discovered after commencement of the action. Additionally, unknown persons cannot be served with process until they are identified by their real names. The Court will not investigate the names and identities of unnamed defendants.

///

## IV.  LEAVE TO AMEND

The Court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The Court determines that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. Id. Because plaintiff failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed. However, the Court grants plaintiff leave to file an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights or violated federal law. See e.g., West, 487 U.S. at 48. Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. Cnty. of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff is not required to provide exhibits with his amended complaint. However, because he provided exhibits with his original complaint, plaintiff may ask the Court to append the exhibits from his original complaint (ECF No. 1 at 6-15) to his amended complaint, rather than submit duplicative exhibits.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's complaint is dismissed.

4. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must also bear the docket number assigned to this case and must be labeled "Amended Complaint." Failure to file an amended complaint in accordance with this order may result in the dismissal of this action.

5. The Clerk of the Court is directed to send plaintiff the form for filing a civil rights complaint by a prisoner.

Dated: 04/07/25

/1/gino1731.14n

CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

10

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUIDO GINOCHIO,<br><br>               Plaintiff,<br><br>   v.<br><br>ANDRE, et al.,<br><br>               Defendants. | No.  2:24-cv-1731 CSK P<br><br><br>NOTICE OF AMENDMENT |

      Plaintiff submits the following document in compliance with the court's order filed on _____ (date).

☐    Amended Complaint
       (Check this box if submitting an Amended Complaint)

DATED:

                                  _____
                                  Plaintiff